IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTOPHER YOUNG,** | * |
| Plaintiff, | * |
| v. | * Civil No. **21-0249 PJM** |
| **COLONEL IAN DINESEN,** *et al.,* | * |
| Defendants. | * |

## MEMORANDUM OPINION

On October 13, 2020, *pro se* Plaintiff Christopher Young filed a handwritten complaint in the Circuit Court for Prince George's County. ECF No. 1-3. The Complaint names Colonel Ian Dinesen as a Defendant, along with two individuals, Tiffany Minor and Elizabeth Gerst. The Complaint states, in full:

> I'm suing the base for $50,000 for 'unlawful termination.' They didn't ask my side of the story and arrested me at least three times. They also kicked me off the base for no reason. Another relief can be them letting me back on the base, but they still owe me a little money.
>
> Tiffany been "stalking" me since 2010. I'm suing her for $50,000 also.
>
> The hospital literally kept "harassing" me, psych ward and CT Scan. I'm suing them for $30,000.

ECF No. 1-3.

After construing the Complaint as one asserted against the United States of America, the Government removed the case to this Court on January 28, 2021. ECF No. 1. On March 29, 2021, the Government filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 8. To date, Plaintiff has never responded to the Motion. For the following reasons, the Government's Motion is **GRANTED**.

**I.**

The procedural rules that guide our Court require litigants to set forth factual allegations that make their claims plausible. A motion to dismiss the complaint will be granted where the complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's complaint must present enough facts to substantiate its assertions. The rules do not allow plaintiffs to state, without foundation, that they believe they are entitled to some relief.

It is not enough to assert a legal conclusion, such as "I was unlawfully terminated," or that "I was harassed." Those conclusions, without more, "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs must back their legal claims with facts—*i.e.*, the "who, what, where, and when" of the circumstances at issue.

Although we construe complaints by an unrepresented party "liberally," this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, our rules mandate that a complaint be dismissed.

**II.**

In this case, Plaintiff has asserted vague claims that he was unlawfully terminated, harassed, and stalked by various undescribed individuals. By way of facts, the Complaint offers little else. Beyond asserting his demand for monetary damages, Plaintiff has not offered "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Under the Federal Rules of Civil Procedure and our controlling law, that requires dismissal.

While the Court acknowledges Plaintiff's distress, the Court can only act with respect to established law and within the parameters of the Federal Rules of Procedure. He has cited no law, nor does there appear to be any relative to his case. Despite his bruised feelings, there is nothing the Court can do.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

Date: August 31, 2021

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE